UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CESAR DE LA GARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-1057-CSB |
| | ) |
| JOHN BALDWIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Plaintiff Cesar De La Garza's motions to reconsider.

Plaintiff has filed two motions in which he asks the Court to amend its December 26, 2018 Order dismissing this case and to make further factual findings with regard to that Order pursuant to Federal Rule of Civil Procedure 52. Plaintiff claims that the Court failed to address certain arguments that he raised in response to Defendants' motion to dismiss, including: (1) the constitutionality of 28 U.S.C. § 1915, (2) the validity of the Court's calculation of his three-strikes status; and (3) the validity of his three-strikes status in light of new Seventh Circuit precedent. Plaintiff asks the Court to address these three arguments as a means of setting aside the Court's Order and Judgment entered against him and, if the Court does not set aside its Order and Judgment, Plaintiff wants the Court to, nevertheless, make factual findings on those arguments so that he may raise the issues on appeal.

Rule 52(b) permits a court to "amend its findings—or make additional findings—and . . . amend the judgment accordingly" upon a motion by a party. *Id.* A Rule 52(b) motion is "intended to correct manifest errors of law or fact or to present newly-discovered evidence." *United States ex rel. Russo v. Attorney Gen. of Ill.*, 780 F.2d 712, 716 n.4 (7th Cir. 1986). The moving party "must raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law to prevent manifest injustice or reflect newly discovered evidence." 9 Charles A. Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 2582 (2017). The "primary purpose" for such a motion is to "enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon." *Id.* A motion under Rule 52(b) may not be used to relitigate arguments lost, advance new theories, or present new evidence that could have been presented before. *Id.* Finally, a trial court will "not grant motions to amend when the amendment would be futile." *Id.*; *Smith v. Rosebud Farmstand*, 2017 WL 3008095, * 2 (N.D. Ill. July 14, 2017).

Here, there is no basis for granting Plaintiff's Rule 52(b) motions or to amend the Court's December 26 ,2018 Order. The Court did not commit a manifest error of law in dismissing this case, and Plaintiff has offered no newly discovered evidence to show that the Court erred in dismissing this case. There is no basis for the Court to find 28 U.S.C. § 1915 unconstitutional. The Court correctly counted the cases that constituted Plaintiff's three-strikes status for the purposes of the Prison Litigation Reform Act. And, the Seventh Circuit's holding in *Terry v. Spencer*, 888 F.3d 890 (7th Cir. 2018), does not change the outcome in this case.

To the extent that Plaintiff is actually moving under Rule 59(e), his motion fairs no better. Rule 59 authorizes district courts to alter a judgment under certain circumstances. In making a Rule 59 motion, a moving party may not simply rely upon previously made and previously rejected arguments. *Vesely v. Armslist LLC*, 2014 WL 3907114, * 3 (7th Cir. Aug. 12, 2014)("we have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments). Instead, in order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013)(internal quotation omitted).

As noted *supra*, Plaintiff has failed to submit any newly discovered evidence that would justify the Court granting him any relief. Accordingly, Plaintiff's motions to reconsider are denied on that basis.

Likewise, Plaintiff has failed to show that the Court committed a manifest error of law that would entitle him to relief. "[A] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Otto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 605 (7th Cir. 2000)(internal quotation omitted).

Again, there is no basis for finding § 1915 to be unconstitutional. Moreover, Plaintiff acknowledged that Judge Baker found that his Complaint in *De La Garza v. Stolworthy* failed to state a claim upon which relief could be granted. As such, this Court correctly counted that case as a "strike" against him. 28 U.S.C. § 1915(g).

3

Regardless, even if Judge Baker erred in assessing a strike against Plaintiff, Plaintiff cannot collaterally attack Judge Baker's decision. "The determination of whether a previous claim is 'frivolous,' 'malicious,' or 'fails to state a claim upon which relief may be granted' is made in the context of the litigation in which the claim is adjudicated." *Clay v. Ambriz,* 2012 WL 1309197, * 3 (S.D. Tex. Apr.16, 2012). "Any use of this proceeding to raise a dispute over the labeling and disposition of the claims in those earlier proceedings would be a collateral attack" and is barred by the doctrine of *res judicata. Id.* (citing *Boettner v. Raimer,* 122 Fed. Appx. 711, 714 (5th Cir. 2004); *Freeman v. Garcia*, 2014 WL 4101769, *1 (S.D. Tex. Aug. 18, 2014).

**IT IS, THEREFORE, ORDERED:**

    **1.**    **Plaintiff's motions to reconsider [162] & [168] are DENIED.**


ENTERED this 30th day of May, 2019

                                                s/ Colin S. Bruce
                                                  COLIN S. BRUCE
                                   UNITED STATES DISTRICT JUDGE